**Liberty Mutual Fire Insurance Company, Plaintiff-Appellant, v. Evelyn Loring, Defendant-Appellee.**

**Gen. No. 52,386.**

First District, Second Division.
January 30, 1968.

Howard, French & Healy, of Chicago, for appellant.

Levisohn, Loring, Arrigo & Rosinia, of Chicago (Levisohn, Loring, Arrigo & Rosinia, of counsel), for appellee.

MR. PRESIDING JUSTICE BURKE delivered the opinion of the court.

Defendant began arbitration proceedings before the American Arbitration Association pursuant to a provision in an automobile liability insurance policy issued by plaintiff to defendant. The proceedings are predicated upon a provision in the policy giving either party the right to demand arbitration of certain questions when a dispute arises with regard to the uninsured motorist provisions of the policy. Plaintiff thereupon brought this action for a declaratory judgment denying coverage under the uninsured motorist provisions on the ground that there was no physical contact between defendant's vehicle and the "hit-and-run" vehicle. The trial court dismissed the complaint for a declaratory judgment and plaintiff appeals.

Plaintiff maintains that under the terms of its policy of insurance, and under the law of Illinois, physical contact between the vehicle of its insured and that of the uninsured motorist is necessary to the existence of a

"hit-and-run" situation, that without physical contact there can be no coverage under the policy, and that the question of coverage, under the terms of the policy, is for a court of law and not for submission to and determination by an arbitration body. Defendant, on the other hand, maintains the subject policy requires arbitration of all controversies between plaintiff and defendant with respect to the uninsured motorist provisions, including the determination of whether there was physical contact between the vehicles and resultant coverage under the policy.

On September 18, 1964, during the period the subject policy of insurance was in force, defendant was involved in an automobile accident on U. S. Highway 45 near Central Road in Cook County. Defendant filed a claim with plaintiff under the policy, alleging that her automobile was struck by a "hit-and-run" vehicle, whose identity was unknown, causing her vehicle to veer into the oncoming lane of traffic and to collide with another vehicle, resulting in injuries to defendant. Defendant thereafter filed a demand for arbitration, as stated above, claiming that she suffered damages as a result of a "hit-and-run" vehicle. Through its complaint for a declaratory judgment, plaintiff denied the existence of a "hit-and-run" vehicle, denied physical contact between any such vehicle and that of defendant, and denied defendant had any cause of action against the alleged "hit-and-run" motorist. The complaint went on to request a declaration by the court that the subject policy affords no coverage to the defendant for the injuries sustained by her as a result of the accident.

The subject policy in pertinent part defines a "hit-and-run" vehicle as:

"... a highway vehicle which causes bodily injury to an insured arising out of physical contact of such vehicle with the insured or with an automobile which

374

the insured is occupying at the time of the accident, provided: (a) there cannot be ascertained the identity of either the operator or the owner of such vehicle . . . ."

The policy further provides:

"If any person making claim under the Uninsured Motorists Coverage and the company do not agree that such person is legally entitled to recover damages from the owner or operator of an uninsured highway vehicle because of bodily injury to the insured, or do not agree as to the amount of payment which may be owing thereunder, then upon written demand of either, the matter or matters upon which such person and the company do not agree shall be settled by arbitration in accordance with the rules of the American Arbitration Association . . . ."

To be afforded coverage under the "hit-and-run" portion of the uninsured motorist provisions of the subject policy the insured must show, among other matters not here relevant, that the identity of the owner or operator of the other vehicle cannot be ascertained, and that there was physical contact between the insured's vehicle and the other vehicle. Not only does the subject policy require that the unidentified vehicle make physical contact with that of the insured in order to qualify as a "hit-and-run" vehicle, but the statute relating to "[u]ninsured or hit-and-run motor vehicle [insurance] coverage" in Illinois imposes the same condition. Ill Rev Stats 1967, chapter 73, par 755a; Prosk v. Allstate Ins. Co., 82 Ill App2d 457, 226 NE2d 498. (For this reason Interinsurance Exchange of Automobile Club of Southern California v. Bailes, 219 Cal App2d 830, 33 Cal Rptr 533, cited by defendant is inapposite on its facts.) Consequently, "[i]f no contact; no hit-and-run automobile. If no uninsured motorist; no right to arbitration and, like-

wise, no responsibility on the company to compensate its insured for injuries sustained and, therefore, no coverage." Cruger v. Allstate Ins. Co. (Fla App), 162 So2d 690, 693 (1964). The complaint for declaratory judgment consequently raises an issue as to defendant's coverage under the appropriate provision of the subject policy, for the reason that plaintiff denied both the physical contact with and the very existence of the alleged "hit-and-run" vehicle.

██ ██ The question arises whether the issue raised as to coverage should have been tried by the court below, as plaintiff maintains, or whether it was a matter to be settled through the arbitration provisions of the policy, as defendant maintains. It is well settled that parties to a dispute may agree to submit to arbitration any matters relating to that dispute. Gerrish v. Ayres, 3 Scam (4 Ill) 245; Podolsky v. Raskin, 294 Ill 443, 128 NE 534. Conversely, inasmuch as an agreement to submit issues to arbitration is a contract (see e. g. White Eagle Laundry Co. v. Slawek, 296 Ill 240, 129 NE 753) the parties are not required to arbitrate matters not agreed between them to be submitted to arbitration. Although a question of first impression in Illinois, it has been consistently held in other jurisdictions that, under contracts of insurance containing language identical with or similar to the pertinent language contained in the subject policy, the questions of liability of the uninsured motorist to the insured and of damages sustained by the insured as a result of an accident with an uninsured motorist, including "hit-and-run" drivers, are to be submitted to arbitration under the terms of the respective policies of insurance, whereas the question of coverage of the insured under the uninsured motorist provisions of the policies was for the determination by a court of law. Cruger v. Allstate Ins. Co. (Fla App), 162 So2d 690 (1964); Western Casualty & Surety Co. v. Strange, 3 Mich App 733,

143 NW2d 572; Hartford Accident & Indemnity Co. v. Travelers Ins. Co., 25 Conn Supp 414, 206 A2d 847; Rosenbaum v. American Surety Co. of New York, 11 NY 2d 310, 183 NE2d 667.

■ It is apparent from the pertinent provisions of the subject policy of insurance that the parties agreed to submit to arbitration only those disputes which arose relative to the question of liability of an uninsured motorist to the insured and the question of the amount of damages suffered by the insured at the fault of an uninsured motorist. The subject policy does not contain any agreement or provision that the question of coverage of the insured, when a claim is made of injuries sustained at the fault of an uninsured motorist, be likewise submitted to arbitration. The trial court should have held a hearing on the question of whether there was physical contact between defendant's vehicle and that of the alleged "hit-and-run" motorist, and whether there was resultant coverage of defendant's injuries under the policy provisions.

The judgment is reversed and the cause is remanded with directions to determine whether there was physical contact between defendant's vehicle and the alleged "hit-and-run" vehicle, and if it is found there was no physical contact, judgment is to be entered for plaintiff; if it is found there was physical contact, judgment is to be entered for defendant that the arbitration proceed.

Judgment reversed and cause remanded with directions.

McNAMARA and LYONS, JJ., concur.