THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* BARBARA BOYKIN, Defendant-Appellant.

First District (4th Division) No. 81—2742

Opinion filed September 9, 1982.

James J. Doherty, Public Defender, of Chicago (James H. Reddy, Assistant Public Defender, of counsel), for appellant.

Richard M. Daley, State's Attorney, of Chicago (Michael E. Shabat, Lester M. Joseph, and Christopher E. K. Pfannkuche, Assistant State's Attorneys, of counsel), for the People.

JUSTICE ROMITI delivered the opinion of the court:

The sole issue in this case is whether a person charged with a misdemeanor and found guilty after a bench trial is eligible for supervision under section 5—6—1(c) of the Unified Code of Corrections (Ill. Rev. Stat. 1981, ch. 38, par. 1005—6—1(c)), which provides:

> "(c) The court may, upon a plea of guilty or a stipulation by the defendant of the facts supporting the charge or a finding of guilt, defer further proceedings and the imposition of a sentence, and enter an order for supervision of the defendant if the defendant is not charged with a felony and having regard for the circumstances of the offense, and the history, character and condition of the offender, the court is of the opinion that:
>
> (1) the offender is not likely to commit further crimes;
>
> (2) the defendant and the public would be best served if the defendant were not to receive a criminal record; and
>
> (3) in the best interests of justice an order of supervision is more appropriate than a sentence otherwise permitted under this Code.
>
> The court shall consider the statement of the prosecuting authority with regard to the standards set forth in this Section."

The trial court, bound by *People v. Bodine* (1981), 97 Ill. App. 3d 42, 422 N.E.2d 256, held that defendant-appellant, Barbara Boykin, was not eligible and sentenced her to six months' misdemeanor probation. We conclude that *Bodine* erred in holding supervision unavailable and reverse and remand the case to the trial court for reconsideration.

" 'Supervision' means a disposition of conditional and revocable release without probationary supervision, but under such conditions and reporting requirements as are imposed by the court, at the suc-

cessful conclusion of which disposition the defendant is discharged and a judgment dismissing the charges is entered." (Ill. Rev. Stat. 1981, ch. 38, par. 1005—1—21.) Prior to 1976 supervision was commonly given by the trial courts both to defendants who pled guilty and to those who were found guilty after trial. (Compare *People v. Breen* (1976), 62 Ill. 2d 323, 342 N.E.2d 31.) In 1976 the Illinois Supreme Court in *Breen* held that the courts had no authority to place a defendant on supervision and referred the matter to the legislature. The legislature acted promptly. Both houses introduced bills (Senate Bill 1997 and House Bill 3954). The Senate bill, which after being rewritten by committee bore much of the wording of the House bill, was finally adopted as Public Act 79—1334 (1976 Ill. Laws 621) and became law on August 2, 1976. At that time the provision in question read "The court may, upon a stipulation by the defendant of the facts supporting the charge or a finding of guilt, defer further proceedings ***." Later in 1977 the statute was amended to eliminate a provision that the defendant had to wait three years before petitioning for expungement of the records of his or her arrest. The amendment also added the language "upon a plea of guilty or" to the above-quoted language. (1977 Ill. Laws 3262, 3303.) Trial courts commonly interpreted the statute as permitting the disposition of supervision after trial and as not requiring a guilty plea or stipulation of guilt (Brady, *Major Traffic Charges*, 70 Ill. B.J. 292, 298 (1982); ISBA Newsletter Judicial Administration Section, vol. 12, No. 3, editor's note, at 6 (Sept. 1981)), until the fourth district held to the contrary in *People v. Bodine* (1981), 97 Ill. App. 3d 42, 422 N.E.2d 256. The Illinois Supreme Court did not review *Bodine* but in *Fitzsimmons v. Walter* (Ill. S. Ct. Nov. 24, 1981) Docket No. 55795, and *Fitzsimmons v. Hayton* (Ill. S. Ct. Nov. 24, 1981) Docket No. 55796, it entered supervisory orders mandating the trial judge to follow the controlling authority of *Bodine*.

I

This court is not bound by the decisions of the fourth district. (*Elliott v. Willis* (1980), 89 Ill. App. 3d 1144, 412 N.E.2d 638.) The State, however, argues that we are bound by the supreme court's supervisory orders in *Fitzsimmons*. *Fitzsimmons* was not a decision of the Illinois Supreme Court on the validity of *Bodine*. All it did was issue an *ex parte* order to the trial judge to follow *Bodine* because appellate court decisions are binding on circuit courts until overturned. *Elliott v. Willis* (1980), 89 Ill. App. 3d 1144, 412 N.E.2d 638; *People v. Spahr* (1978), 56 Ill. App. 3d 434, 371 N.E.2d 1261, *appeal denied* (1978), 71 Ill. 2d 605.

## II

■ The State argues that the statute means the trial court may only enter an order of supervision upon (1) a plea of guilty or (2) a stipulation by the defendant of the facts (a) supporting the charge or (b) a finding of guilt. *Bodine* adopted that construction by rewriting the statute to read "(1) when a defendant pleads guilty, or (2) when a defendant stipulates to either the facts supporting the charge or to the facts supporting a finding of guilt." (97 Ill. App. 3d 42, 44, 422 N.E.2d 258.) The defendant contends that the statute means supervision is proper upon (1) a plea of guilty or (2) a stipulation by the defendants of the facts supporting the charge or (3) a finding of guilt. If the statute did in fact read as rewritten by the *Bodine* court then we would agree with *Bodine* and the State that the statute is unambiguous and does not permit supervision if the defendant refuses to plead guilty or stipulate to the facts. But it does not. We find that the statute as it is actually written is reasonably susceptible to either interpretation. In other words, it is ambiguous. Since it is ambiguous, it is appropriate for this court to examine the legislative history of the statute to determine the legislative intent. *People ex rel. Hanrahan v. White* (1972), 52 Ill. 2d 70, 285 N.E.2d 129, *cert. denied sub nom. Splinter v. Hanrahan* (1972), 409 U.S. 1059, 34 L. Ed. 2d 511, 93 S. Ct. 562; *Acme Fireworks Corp. v. Bibb* (1955), 6 Ill. 2d 112, 126 N.E.2d 688; *Lubezny v. Ball* (1944), 322 Ill. App. 78, 53 N.E.2d 988, *rev'd on other grounds* (1945), 389 Ill. 263, 59 N.E.2d 645; *Houghton Mifflin Co. v. Continental Illinois National Bank & Trust Co.* (1938), 293 Ill. App. 423, 12 N.E.2d 714; *People v. Graves* (1922), 224 Ill. App. 235, *aff'd* (1922), 304 Ill. 20, 136 N.E. 542; 73 Am. Jur. 2d *Statutes* secs. 169-71, 173 (1974).

As already noted the original 1976 Act was actually a compromise between two bills, Senate Bill 1997 and House Bill 3954. The basic difference between them, as the legislature itself saw the problem was that the House required the consent of the prosecutor before the judge could give supervision and the Senate did not. (See for example, 79th Illinois General Assembly, Transcript of House Proceedings, House nonconcurrence of Senate Bill 1997, June 28, 1976, at 129, 131.) It is clear from the discussions that both bills were introduced to codify what the actual practice was prior to the supreme court decision in *Breen*, which in fact did allow supervision after a trial and finding of guilt.

Senate Bill 1997 read "Whenever a person pleads guilty or is found guilty of any offense ***." At the third reading of the bill, the then Senator Daley, its sponsor, described it:

"Mr. President and fellow Senators. This bill permits the sen-

tencing of an individual who has pled or is found guilty of a misdemeanor or a violation of the Illinois Vehicle Code to a term of court supervision. The term shall not exceed two years and may include such terms as the court deems appropriate. The discharge and dismissal does not constitute a conviction for the purpose of the Illinois law. \*\*\*

\* \* \*

SENATOR DALEY:
I...I think you have this...this bill deals with a person pleads guilty or is found guilty. \*\*\* This is where he pleads guilty and he is found guilty. In other words, the defendant pleads guilty or in a trial is found...find...found guilty.

\* \* \*

Senator Mitchier, I am also in favor of capital punishment, not on misdemeanors or traffic offenses. I...I, you know...but in regards to this, the defendant pleads guilty and is found guilty. Then in the discretion of the court, then they can place him on supervision. There is a finding. He pleads guilty or he's found guilty.

\* \* \*

No, my bill allows that a judiciary to place the defendant after he pleads guilty or is found guilty on supervision." 79th Illinois General Assembly, Transcript of Senate Proceedings, Third Reading of Senate Bill 1997, June 23, 1976, at 4-8.

The language of the statute "facts supporting the charge or a finding of guilt" actually came from House Bill 3954. It is clear from the debates in the House that the language "facts supporting the charge" was merely intended to replace "a plea of guilty" and not to change the meaning of "a finding of guilt."

"Getty: 'Committee Amendment #1 had the language after a plea of guilty or a finding of guilty. Since this is supervision it was felt and discussed in Committee but the Amendment was not prepared that it would be (unintelligible) to have the language upon a stipulation by the defendant of the facts supporting the charge or a finding of guilty.'

Speaker Redmond: 'Mr. Clerk, that's 3954.'

Shea: 'Yeah, that's where I'm confused a little bit. Now we're back on a Bill to set up supervision. Is that correct?'

Getty: 'That's correct.'

Shea: 'All right. Now what did Amendment #1 do to the Bill?'

Getty: 'Amendment #1 had the language upon a plea of guilty or a finding of guilty.'

Shea: 'And why are you tabling that Amendment?'

Getty: 'In favor of the language "upon a stipulation of the defendant of the facts supporting the charge." "A plea of guilty" would have a problem.'

Shea: 'Why?'

Getty: 'Because we're dealing here with not a...a probationary situation but the entry of an order of supervision.' " 79th Illinois General Assembly, Transcript of House Proceedings, 2d Reading of House Bill 3954, June 8, 1976, at 10-11.

"Schlickman: 'Mr. Speaker, Members of the House, this is an Amendment that is agreed to by the Sponsor in lieu of Committee Amendment #1. It's an Amendment that was worked out through the cooperation of the Assistant State's Attorney of Cook County. Specifically what it does, Mr. Speaker, is to provide that supervision may be granted in the event of a stipulation by the defendant of the facts supporting the charge, rather than upon a plea of guilty. Specifically or practically what this does, Mr. Speaker, is simply to restore the state of the law as it existed to prior to the Supreme Court Decision of the People versus Green and I move for its adoption.'

\* \* \*

Fleck: 'Well, would you explain the Amendment again? Maybe I misunderstood you.'

Schlickman: 'What the Amendment does is to provide that as a condition for supervision, there must be either a stipulation by the defendant of the fact supporting the charge or a finding of guilt. Amendment #1, instead of having a stipulation, required a plea of guilty.'

\* \* \*

Houlihan: 'So, the only thing that Amendment #2 does is provide that supervision may be granted...upon the stipulation that the other conditions which are in the Bill are met.'

Schlickman: 'What Amendment #2 is...is to simply substitute the stipulation of the fact...for a plea of guilty.'

Speaker Redmond: 'Representative Maragos.'

Maragos: 'I'm sorry, Mr. Schlickman, I did not understand the full colloquy between you and Representative Houlihan. What is the purpose of your Amendment? Will you please explain it again?'

Schlickman: 'The Bill, as it was introduced, provided that the court would have the authority to grant supervision if it had been consented to by the State's Attorney. Amendment #1 provided that as a condition for supervision there should not only

be the consent of the State's Attorney, but that there be a plea of guilty by the defendant, or in the alternative a finding of guilt by the judge. What Amendment #2 is, simply...What Amendment #2 simply does is to substitute for the plea of guilty, a stipulation of fact by the defendant, so that if there is subsequently a violation of supervision, the judge could enter, automatically, a judgment against the defendant without the defendant having the opportunity of arguing the fact in the trial.'

\* \* \*

Duff: 'But, you're still allowing a plea of guilty? Is that correct? I mean, is it an alternative, and not a substitution? Is that...'

Schlickman: 'It's an alternative.'

Duff: 'Oh. And, the other alternative is still there?'

Schlickman: 'Is the finding of guilt either upon a plea of guilty or upon a trial.' " 79th Illinois General Assembly, Transcript of House Proceedings, 2d Reading of House Bill 3954, June 9, 1976, at 50-53.

Thus it appears clear that both houses intended to produce a bill which permitted supervision in cases where a defendant had not pled guilty but instead had been found guilty. The committee in reworking the bill to resolve conflicts would have had no reason to alter this clear and common intent. And there was no suggestion in either house when the committee report of Senate Bill 1997 was discussed that the power of a court to give supervision to a defendant who does not plead guilty had been eliminated from the statute. See 79th Illinois General Assembly, Transcript of House Proceedings, June 30, 1976, at 255-63; 79th Illinois General Assembly, Transcript of Senate Proceedings, June 30, 1976, at 72-74.

After the statute was enacted it was immediately understood as permitting supervision even though the defendant did not plead guilty. As the eminent Judge Harold W. Sullivan stated in his article *Supervision Comes to All of Illinois*, 65 Ill. B. J. 190, 191 (1976):

"While most supervisions will be the result of a plea bargain and while many courts will be reluctant to grant supervision over the objection of the state or to a defendant who testifies falsely at is trial, still the statute does not require the defendant to plead guilty to qualify for supervision."

As already noted the trial courts so interpreted the statute and gave supervision after finding a defendant guilty; the State has pointed to no instance in which it protested such an award by filing an appeal until after *Bodine* was decided.

The original statute was amended in 1977 to, *inter alia*, add the language "upon a plea of guilty or." (1977 Ill. Laws 3262, 3303.) However in the House debates it was noted that besides eliminating the 3-year requirement for expungement "certain technical changes are made to the Bill." (80th Illinois General Assembly, Transcript of House Proceedings, Third Reading of Senate Bill 228, June 15, 1977, at 170.) Thus it appears that the legislature by adding the words "upon a plea of guilty" did not intend to alter the meaning of the rest of that sentence.

### III

The State contends that supervision cannot be given after a trial and a finding of guilty because another statute provides: "(a) When a defendant is placed on supervision, the court shall enter an order for supervision specifying the period of such supervision, and shall defer further proceedings in the case until the conclusion of the period" (Ill. Rev. Stat. 1981, ch. 38, par. 1005—6—3.1), arguing that after a trial there are no further proceedings to defer. Defendant correctly points out that this is not accurate since before sentencing the Criminal Code of 1961 requires a sentencing hearing. Ill. Rev. Stat. 1981, ch. 38, par. 1005—4—1(a).

### IV

■ Citing instances in which variations of the term "finding of guilt" are used to describe the result of a bench trial as opposed to the verdict in a jury trial (see Ill. Rev. Stat. 1981, ch. 38, par. 116—1(a)(b)), the State contends that this statute, if construed as defendant contends it should be, would apply only to bench trials and thus would deny equal protection of the law to defendants choosing jury trials. We need not reach this issue for we are concerned here with the denial of supervision following a bench trial. Moreover it is questionable whether the State, which would not be injured by this alleged denial of equal protection, has standing to raise this issue. (See *People v. Bombacino* (1972), 51 Ill. 2d 17, 280 N.E.2d 697, *cert. denied* (1972), 409 U.S. 912, 34 L. Ed. 2d 173, 95 S. Ct. 492; *People ex rel. Hopf v. Barger* (1975), 30 Ill. App. 3d 525, 332 N.E.2d 649.) But in any event our duty in construing this statute is to construe it, if possible, in a manner that would not raise doubts as to its constitutional validity. (*People v. Scheib* (1979), 76 Ill. 2d 244, 390 N.E.2d 872; *People v. Nastasio* (1960), 19 Ill. 2d 524, 168 N.E.2d 728.) Clearly for the purposes of this statute the term "finding of guilt" is broad enough to include adjudications of guilt by a judge or jury. Accordingly, we find no merit to the State's contention.

## V

In light of our conclusion that the statute does not force a defendant to waive his or her right to a trial in order to receive supervision we need not consider the argument of *amicus curiae* that such a requirement would be unconstitutional. (See *People v. Sivels* (1975), 60 Ill. 2d 102, 324 N.E.2d 422; *People v. Moriarty* (1962), 25 Ill. 2d 565, 185 N.E.2d 688; *United States v. Stockwell* (9th Cir. 1973), 472 F.2d 1186, *cert. denied* (1973), 411 U.S. 948, 36 L. Ed. 2d 409, 93 S. Ct. 1924; *Thomas v. United States* (5th Cir. 1966), 368 F.2d 941.) Suffice it to say, however, that we do not find *Corbitt v. New Jersey* (1978), 439 U.S. 212, 58 L. Ed. 2d 466, 99 S. Ct. 492, relied upon by the State, applicable since in *Corbitt* the defendant was subject to the same possible sentence whether or not he pleaded not guilty.

Since the trial court denied supervision in the belief it was required to do so, we vacate the judgment of the trial court and remand the cause for reconsideration by the court.

Judgment vacated, remanded for reconsideration.

JOHNSON, P. J., and LINN, J., concur.