(No. 57393.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellant, v. BARBARA BOYKIN, Appellee.

*Opinion filed February 4, 1983.*

Richard M. Daley, State's Attorney, of Chicago (Michael E. Shabat, Joan S. Cherry, and Paula Carstensen, Assistant State's Attorneys, of counsel), for the People.

James J. Doherty, Public Defender, of Cook County (James H. Reddy, Assistant Public Defender, of counsel), for appellee.

John F. McCarthy, of Chicago, and Howard H. Braverman, of Springfield (McCarthy & Levin, of Chicago, of counsel), for *amici curiae* the Illinois State Bar Association and the Chicago Bar Association.

JUSTICE MORAN delivered the opinion of the court:

Defendant, Barbara Boykin, was charged by complaint with the misdemeanor offense of battery, in violation of section 12—3 of the Criminal Code of 1961 (Ill. Rev. Stat. 1981, ch. 38, par. 12—3). Following a bench trial in the circuit court of Cook County, she was found guilty and sentenced to six months' probation. She subsequently moved to reduce her sentence, requesting supervision in lieu of probation. The trial court ruled that

defendant was not eligible for supervision under section 5—6—1(c) of the Unified Code of Corrections (Ill. Rev. Stat. 1981, ch. 38, par. 1005—6—1(c)), because she neither pleaded guilty to the charge nor stipulated to the facts supporting the charge or the facts supporting a finding of guilt. The appellate court reversed, concluding that supervision may be imposed following a finding of guilt after trial. (109 Ill. App. 3d 112.) We granted the State leave to appeal.

The sole issue for review is whether a defendant who has been found guilty of a misdemeanor offense following a trial is eligible for supervision under section 5—6—1(c) of the Unified Code of Corrections (Ill. Rev. Stat. 1981, ch. 38, par. 1005—6—1(c)).

Section 5—6—1(c) provides, in pertinent part:

> "The court may, upon a plea of guilty *or* a stipulation by the defendant of the facts supporting the charge *or* a finding of guilt, defer further proceedings and the imposition of a sentence, and enter an order for supervision of the defendant if the defendant is not charged with a felony ***." (Emphasis added.) Ill. Rev. Stat. 1981, ch. 38, par. 1005—6—1(c).

The State argues that this provision authorizes the imposition of supervision only where the defendant: (1) pleads guilty; or (2) stipulates to the facts supporting (a) the charge or (b) a finding of guilt. This is the interpretation which was adopted by the appellate court in *People v. Bodine* (1981), 97 Ill. App. 3d 42. Defendant interprets the statute to allow for supervision whenever an accused: (1) pleads guilty; (2) stipulates to the facts supporting the charge; or (3) is found guilty following trial. The Illinois State Bar Association and Chicago Bar Association, who were allowed to file a brief as *amici curiae*, argue that to construe the statute otherwise would violate a defendant's right to equal protection and due process of law. They urge that a defendant who opts for a jury trial is improperly punished more severely than one who forgoes this right.

"The cardinal rule of statutory construction, to which all other canons and rules are subordinate, is to ascertain and give effect to the true intent and meaning of the legislature." (*People ex rel. Hanrahan v. White* (1972), 52 Ill. 2d 70, 73, *cert. denied* (1972), 409 U.S. 1059, 34 L. Ed. 2d 511, 93 S. Ct. 562, citing *People v. Hudson* (1970), 46 Ill. 2d 177; *People ex rel. Cason v. Ring* (1968), 41 Ill. 2d 305; *Electrical Contractors Association of City of Chicago, Inc. v. Illinois Building Authority* (1966), 33 Ill. 2d 587.) In determining the legislative intent, courts should consider first the statutory language. (*Harvey Firemen's Association v. City of Harvey* (1979), 75 Ill. 2d 358.) As noted by the State, where the language is clear "it will be given effect without resorting to other aids for construction." (*People v. Robinson* (1982), 89 Ill. 2d 469, 475-76; *Franzese v. Trinko* (1977), 66 Ill. 2d 136, 139.) Where the language is ambiguous, however, it is appropriate to examine the legislative history. *People ex rel. Hanrahan v. White* (1972), 52 Ill. 2d 70.

We agree with the appellate court that the statutory language is "reasonably susceptible" to both interpretations urged. On the one hand, the use of the disjunctive "or" indicates that all three alternatives, as suggested by defendant, were contemplated as a basis for imposing supervision. (See *People v. Vraniak* (1955), 5 Ill. 2d 384, 389.) On the other hand, defendant's interpretation of the statute renders supervision available, for misdemeanants, in every conceivable circumstance. Therefore, the legislature could have simply stated that supervision is a possible disposition in any misdemeanor case. It was unnecessary to spell out, as the section does, the situations in which supervision may be properly imposed. Because we recognize an ambiguity in the statutory language we will consider the legislative history, which aids in explaining the uncertain verbiage.

Prior to 1976, it was a common practice for trial courts to grant defendants supervision, regardless of

whether they pleaded guilty or were found guilty after trial. In 1976, this court determined that judges lacked authority to place defendants on supervision, and referred the matter to the legislature. (*People v. Breen* (1976), 62 Ill. 2d 323.) Shortly thereafter, Senate Bill 1997 and House Bill 3954 were introduced to provide statutory authorization for supervision.

Senate Bill 1997 provided that a defendant may receive supervision whenever he or she "pleads guilty or is found guilty." The sponsor of the bill described it as follows:

> "I . . . I think you have this . . . this bill deals with a person [who] pleads guilty or is found guilty. *** This is where he pleads guilty and he is found guilty. In other words, the defendant pleads guilty or in a trial is found . . . find . . . found guilty.
>
>             \* \* \*
>
> [I]n regards to this, the defendant pleads guilty and is found guilty. Then in the discretion of the court, then they can place him on supervision. There is a finding. He pleads guilty or he's found guilty." (79th Ill. Gen. Ass'y Transcript of Senate Proceedings, Third Reading of Senate bill 1997, June 23, 1976, at 4-7.)

An amendment which would have eliminated supervision after trial was offered in the Senate and defeated.

House Bill 3954, as originally introduced, provided:

> "The court may, with the consent of the defendant and the appropriate prosecuting authority, upon a stipulation by the defendant of the facts supporting the charge or a finding of guilt, defer further proceedings and the imposition of a sentence, and enter an order for supervision ***."

Subsequently, when House Bill 3954 was reported out of committee, the words "upon a stipulation by the defendant of the facts supporting the charge or a finding of guilt" were deleted. Consequently, there was no expressed limit to the circumstances under which supervision could be imposed.

During the following House debates, two amendments

to the bill were introduced. Amendment No. 1 inserted, after the word "authority," the phrase "upon a plea of guilty by the defendant or a finding of guilt." This amendment was tabled. Amendment No. 2, which was ultimately passed, set forth the original language of House Bill 3954.

The House debates clearly indicate that the language "a stipulation by the defendant of the facts supporting the charge" was offered in lieu of a "plea of guilty." There was no discernible intent to eliminate supervision as an option following trial. The relevant portion of the House debates, as cited by the appellate court, is as follows:

"Getty: 'Amendment #1 had the language upon a plea of guilty or a finding of guilty.'

Shea: 'And why are you tabling that Amendment?'

Getty: 'In favor of the language "upon a stipulation of the defendant of the facts supporting the charge." "A plea of guilty" would have a problem.'

Shea: 'Why?'

Getty: 'Because we're dealing here with not a...a probationary situation but the entry of an order of supervision.'" 79th Ill. Gen. Ass'y, Transcript of House Proceedings, Second Reading of House Bill 3954, June 8, 1976, at 10-11.

"Schlickman: 'Mr. Speaker, Members of the House, this is an Amendment that is agreed to by the Sponsor in lieu of *** Amendment #1. It's an Amendment that was worked out through the cooperation of the Assistant State's Attorney of Cook County. Specifically what it does, Mr. Speaker, is to provide that supervision may be granted in the event of a stipulation by the defendant of the facts supporting the charge, rather than upon a plea of guilty. Specifically or practically what this does, Mr. Speaker, is simply to restore the state of the law as it existed to prior to the Supreme Court Decision of the People versus Green [*sic*] and I move for its adoption.'

* * *

Fleck: 'Well, would you explain the Amendment again? Maybe I misunderstood you.'

Schlickman: 'What the Amendment does is to pro-

vide that as a condition for supervision, there must be either a stipulation by the defendant of the fact supporting the charge or a finding of guilt. Amendment #1, instead of having a stipulation, required a plea of guilty.'

\* \* \*

Houlihan: 'So, the only thing that Amendment #2 does is provide that supervision may be granted...upon the stipulation that the other conditions which are in the Bill are met.'

Schlickman: *'What Amendment #2 is...is to simply substitute the stipulation of the fact...for a plea of guilty.'*

Speaker Redmond: 'Representative Maragos.'

Maragos: 'I'm sorry, Mr. Schlickman, I did not understand the full colloquy between you and Representative Houlihan. What is the purpose of your Amendment? Will you please explain it again?'

Schlickman: 'The Bill, as it was introduced, provided that the court would have the authority to grant supervision if it had been consented to by the State's Attorney. Amendment #1 provided that as a condition for supervision there should not only be the consent of the State's Attorney, but that there be a plea of guilty by the defendant, or in the alternative a finding of guilt by the judge. What Amendment #2 is, simply...What Amendment #2 simply does is to substitute for the plea of guilty, a stipulation of fact by the defendant, so that if there is subsequently a violation of supervision, the judge could enter, automatically, a judgment against the defendant without the defendant having the opportunity of arguing the fact in the trial.'

\* \* \*

Duff: 'But, you're still allowing a plea of guilty? Is that correct? I mean, is it an alternative, and not a substitution? Is that...'

Schlickman: 'It's an alternative.'

Duff: 'Oh. And, the other alternative is still there?'

Schlickman: 'Is the finding of guilt either upon a plea of guilty *or upon a trial.*' " (Emphasis added.) 79th Ill. Gen. Ass'y, Transcript of House Proceedings, Second Reading of House Bill 3954, June 9, 1976, at 50-54.

Senate Bill 1997, subsequently rewritten by a conference committee to resemble the House Bill, read: "The court may, upon a stipulation by the defendant of the facts supporting the charge *or* a finding of guilt, defer further proceedings ***." (Emphasis added.) It was adopted as Public Act 79—1334. 1976 Ill. Laws 622.

There is no indication that, in rewriting Senate Bill 1997, the committee intended to eliminate the possibility of supervision for defendants found guilty after trial. It seems evident that the rewording was undertaken to effect a compromise between the House and Senate bills concerning the necessity of obtaining the prosecutor's consent prior to the imposition of supervision. In addition, the House language of "a stipulation by the defendant of the facts supporting the charge" was substituted for the Senate bill phrase "a plea of guilty." Though worded differently, the phrase indicating that supervision may be imposed after a finding of guilt remained.

In 1977, the statute was amended to add, *inter alia,* the words "upon a plea of guilty or," and this is the current version. During the debates concerning this amendment, Representative Schlickman stated:

> "*** Senate Bill 228 amends the Act on supervision ***. By Amendments, certain technical changes are made to the Bill, to the Act on supervision, as adjusted [*sic*] by the presiding Judge of the Second Municipal District of Cook County, Harold Sullivan, contained in a Bar Association article." (80th Ill. Gen. Ass'y, Transcript of House Proceedings, June 15, 1977, at 170.)

The relevant passage in the article states: "The statute requires either a finding of guilty or a stipulation to the facts so a plea of guilty alone may not be sufficient." Sullivan, *Supervision Comes to All of Illinois,* 65 Ill. B.J. 190, 194 (1976).

It may be assumed that the purpose of the amendment was to clarify the fact that supervision is also available

pursuant to a guilty plea. As noted by the dissent in *People v. McGrenera* (1982), 108 Ill. App. 3d 953, 963 (Londrigan, J., dissenting), "[i]t is significant that the legislature chose to add the 'plea of guilty' option at Judge Sullivan's suggestion but did nothing to correct his assumption that supervision is available after a finding of guilt."

Also noteworthy is that *People v. Bodine* (1981), 97 Ill. App. 3d 42, upon which the State relies, did not involve a review of the relevant legislative history. In its more recent opinion in *People v. McGrenera* (1982), 108 Ill. App. 3d 953, however, the same district of the appellate court did undertake such a review. In *McGrenera,* the court concluded that the legislature intended to allow supervision after trial, but "fell short of what seemed to be its goal." (108 Ill. App. 3d 953, 960.) It concluded that the statutory language, put to a grammatical test, could not sustain the legislative intent and for that reason reaffirmed *Bodine.* In conformance with this opinion, the court has today, by supervisory order, reversed *People v. McGrenera.*

We note parenthetically that the fact that this court issued supervisory orders to trial courts requiring adherence to *Bodine* does not, as the State implies, indicate our approval thereof. The defendant in *Bodine* never sought leave to appeal to this court, and that decision therefore became the controlling authority which trial courts were bound to follow. Nor are we persuaded by the fact that, in 1982, a Senate bill was introduced to allow for supervision following trial. The bill was referred to the Senate Rules Committee and never acted upon. It is quite possible that the committee failed to take any action concerning the bill because the members felt that the statute already provided for supervision after trial.

The State further contends that to adopt defendant's version of the statute would undermine the two policies upon which it is based: to ease overburdened court dockets and to benefit those defendants who manifest rehabilitative

potential by admitting the nature of their criminal conduct. Our review of the House and Senate proceedings discloses no evidence that the statute was drafted with the goal of "rewarding" rehabilitative defendants. There was limited discussion during the debates of clearing minor cases from the court dockets. This may have been a factor in the decision to grant defendants supervision where they plead guilty or stipulate to the charge. The debates do not reveal, however, an intent to withhold supervision from defendants who are found guilty after trial.

The State alternatively asserts that if the "finding of guilt" language is construed to mean a finding of guilt after trial, it refers only to a bench trial. (But see Ill. Rev. Stat. 1981, ch. 38, par. 1005—1—5.) Therefore, it is argued that defendants who opt for a jury trial cannot receive supervision, and that this distinction violates the equal protection clause of the Constitution. This issue is not properly before us. The State is not aggrieved by the alleged deprivation of equal protection and consequently lacks standing to raise this issue. "One who would attack a statute as unconstitutional must bring himself within the class as to whom the law is unconstitutional." *People v. Bombacino* (1972), 51 Ill. 2d 17, 20, *cert. denied* (1972), 409 U.S. 912, 34 L. Ed. 2d 173, 93 S. Ct. 230.

After a careful review of the relevant transcripts of the legislative proceedings, we conclude that the intent of the supervision statute was to codify the pre-*Breen* practice. (See also 79th Ill. Gen. Ass'y, Transcript of House Proceedings, June 9, 1976, at 50, 53.) Because, as previously noted, our responsibility "is to ascertain *and give effect* to the true intent and meaning of the legislature" (emphasis added) (*People ex rel. Hanrahan v. White* (1972), 52 Ill. 2d 70, 73), we conclude that defendants charged with misdemeanors may receive supervision following trial. In reaching this conclusion, it is unnecessary to consider the argument of *amici curiae*.

Accordingly, the judgment of the appellate court is affirmed, the judgment of the circuit court of Cook County is vacated, and the cause is remanded to the circuit court to reconsider defendant's eligibility for supervision.

*Appellate court affirmed;*
*circuit court vacated;*
*cause remanded,*
*with directions.*