COUNTRY MUTUAL INSURANCE COMPANY, Plaintiff-Appellant, *v.* MICHAEL KOSMOS, Defendant-Appellee.

First District (4th Division)   No. 82—680

Opinion filed May 26, 1983.—Supplemental opinion filed on denial of rehearing August 25, 1983.

Beverly, Pause, Duffy & O'Malley, of Chicago (Frank J. Pause, Robert O.

Duffy, and Michael W. Rathsack, of counsel), for appellant.

Thomas W. Stewart, of Joseph R. Curcio, Ltd., of Chicago (David A. Novoselsky, of counsel), for appellee.

PRESIDING JUSTICE ROMITI delivered the opinion of the court:

The sole issue in this case is whether an insurer can be forced to arbitrate an uninsured motorist claim even where it is clear as a matter of law from the pleadings that there is no coverage. We hold there is no duty to arbitrate under such circumstances and reverse the trial court which ordered arbitration.

Plaintiff Country Mutual Insurance Company filed this action to obtain a declaration that there was no insurance coverage and no duty to arbitrate. In its complaint the insurer alleged that the insured, after suffering an accident, made a claim and demanded arbitration. When interviewed the insured stated that the accident occurred when as a result of swerving to avoid another motor vehicle his car left the roadway and collided with a light pole. The insurer thereupon denied coverage since there was no contact with another motor vehicle.

The insured has never denied that there was no contact, either in the trial court or on appeal.[1]

As required by statute, the automobile liability policy issued by Country Mutual to defendant provided uninsured motorist coverage including accidents caused by hit and run vehicles. (Ill. Rev. Stat. 1979, ch. 73, par. 755a.) It is well established in Illinois that a provision, statutory or otherwise, limiting coverage to accidents caused by hit and run vehicles affords coverage only where the hit and run vehicle makes contact with the insured or his vehicle. *Finch v. Central National Insurance Group* (1974), 59 Ill. 2d 123, 319 N.E.2d 468; *Ferega v. State Farm Mutual Automobile Insurance Co.* (1974), 58 Ill. 2d 109, 317 N.E.2d 550; *Liberty Mutual Fire Insurance Co. v. Loring* (1968), 91 Ill. App. 2d 372, 235 N.E.2d 418; *Prosk v. Allstate Insurance Co.* (1967), 82 Ill. App. 2d 457, 226 N.E.2d 498.

The insurance policy does provide for arbitration, but only

---

[1]In its section 48 motion (Ill. Rev. Stat. 1979, ch. 110, par. 48), insured alleged that "plaintiff" (insurer) conceded there was a question as to whether there was physical contact. But the insurer never so conceded. And even if the court assumes that the word "plaintiff" was a typographical error, which the defendant has never contended, this statement still fails to allege that there was contact with another vehicle.

where the parties disagree over whether the insured is "legally entitled to recover damages from the owner or operator of an uninsured motor vehicle" or the amount of such damages. Under this provision only questions of negligence and damages can be submitted to the arbitrator. (*Flood v. Country Mutual Insurance Co.* (1968), 41 Ill. 2d 91, 242 N.E.2d 149.) Questions of law or fact concerning coverage cannot, under this clause, be submitted to arbitration. (*Flood; Liberty Mutual Fire Insurance Co. v. Loring* (1968), 91 Ill. App. 2d 372, 235 N.E.2d 418.) Thus the question whether there was contact is not arbitrable under this clause but is decided by the trial court in a declaratory judgment action. (*Loring.*) "[I]f no contact; no hit-and-run automobile. If no uninsured motorist; no right to arbitration ***." *Cruger v. Allstate Insurance Co.* (Fla. App. 1964), 162 So. 2d 690, 693, quoted in *Liberty Mutual Fire Insurance Co. v. Loring* (1968), 91 Ill. App. 2d 372, 375-76, 235 N.E.2d 418, 420.

The insured contends that this limitation on the right to arbitration is invalid in light of the 1978 amendment to the statute providing in part:

> "No such policy shall be renewed or delivered or issued for delivery in this State after July 1, 1978 unless it is provided therein that any dispute with respect to such coverage shall be submitted for arbitration to the American Arbitration Association or for determination in the following manner: Upon the insured requesting arbitration, each party to the dispute shall select an arbitrator and the two arbitrators so named shall select a third arbitrator. If such arbitrators are not selected within 45 days from such request, either party may request that such arbitration be submitted to the American Arbitration Association." (Ill. Rev. Stat. 1979, ch. 73, par. 755a.)

If, in fact, the policy provision is in conflict with the statute then of course the statute is controlling. (*Bertini v. State Farm Mutual Automobile Insurance Co.* (1977), 48 Ill. App. 3d 851, 362 N.E.2d 1355.) If not, then the parties are bound by the policy provisions.

The language "disputes with respect to such coverage" is ambiguous. It is not clear whether it refers to issues of the existence of coverage or merely disputes arising under the policy provision where coverage is established. Accordingly, it would be appropriate to look at the construction of the legislature when enacting the bill. (*People v. Boykin* (1982), 109 Ill. App. 3d 112, 440 N.E.2d 285, *aff'd* (1983), 94 Ill. 2d 138, 445 N.E.2d 1174.) But the legislative debates, as cited by the insurer (80th Illinois General Assembly, Third Reading of Senate Bill 1041, May 23, 1977, at 46-47), indicate that the statute was en-

acted solely to curb delays in arbitration and not to extend the scope of arbitration.

■ However we need not resolve that question because in this case no *bona fide* dispute has been raised by the pleadings. As already noted, the insurer alleged that there was no contact and the insured has not alleged that there was contact. Yet absent an allegation of physical contact with the unidentified driver, the insured's claim is insufficient and must be dismissed. (*Finch v. Central National Insurance Group* (1974), 59 Ill. 2d 123, 319 N.E.2d 468.) To allow an arbitrator to rule for an insured despite the clearly established absence of coverage would be to give the arbitrator unconstitutional powers to decide questions solely of law (see *Wright v. Central Du Page Hospital Association* (1976), 63 Ill. 2d 313, 347 N.E.2d 736), and to overrule the Illinois Supreme Court, something even this court cannot do.

Accordingly, the judgment of the trial court is reversed and judgment entered for the plaintiff.

Judgment reversed; judgment entered for plaintiff.

JOHNSON and JIGANTI, JJ., concur.

SUPPLEMENTAL OPINION ON DENIAL OF REHEARING

PRESIDING JUSTICE ROMITI delivered the opinion of the court:

■ Defendant has filed a petition for rehearing contending that this court decided the issue on a ground not raised by plaintiff in its brief; that plaintiff had simply argued that the factual issue of whether there was contact should have been determined by the trial court. While plaintiff's brief is not as clear as it might be, an examination of it does not support defendant's contention. Plaintiff in its brief contended, *inter alia*, that there was no contact, that the coverage question was a legal issue to be decided in a court of law, that the interpretation of the contract was for the judicial system and that any contrary result would be unconstitutional because the issues were legal issues for decision by the judiciary. As telling is the fact that we have found no contention in defendant's brief that there were specific factual issues to be decided as to whether there was actual contact with the hit-and-run vehicle. Not once in its brief did it enumerate any factual issues involving coverage which it believed should be arbitrated. To the contrary it sought to support the trial court's ruling that all issues "both factual and *legal*, including the coverage issue of

whether an impact occurred" must be submitted to arbitration. Absent specific factual allegations in defendant's pleading in the trial court contravening plaintiff's contentions of no contact, the sole coverage issue was one of law and appropriately decided by this court regardless of the construction of the amendment to the statute. Finally we note that the defendant has not sought remand to amend his pleading to allege such contact.

JOHNSON and JIGANTI, JJ., concur.