(No. 72486.—

STATE FARM FIRE AND CASUALTY COMPANY, Appellant, v. SAHAK YAPEJIAN *et al.*, Appellees.

*Opinion filed October 22, 1992.*

534

BILANDIC, J., took no part.

James J. Hoffnagle and Frank C. Stevens, of Taylor, Miller, Sprowl, Hoffnagle & Merletti, of Chicago, and

Richard M. Furgason, of Dreyer, Foote, Street, Furgason & Slocum, P.A., of Aurora, for appellant.

Law Offices of R.L. Huszagh, of Wheaton, for appellees.

CHIEF JUSTICE MILLER delivered the opinion of the court:

The plaintiff, State Farm Fire and Casualty Company, brought the present action in the circuit court of Du Page County seeking a declaration of its obligations under an automobile insurance policy issued to its insureds, defendants Sahak and Anahid Yapejian. In its complaint, State Farm contended that a claim previously submitted to it by the Yapejians under their uninsured motorist coverage was not within the terms of that coverage. The circuit court granted the insureds' motion for dismissal of State Farm's complaint on the ground that section 143a(1) of the Illinois Insurance Code (Ill. Rev. Stat. 1987, ch. 73, par. 755a(1)) requires arbitration of all disputes relating to uninsured motorist coverage. The appellate court affirmed. (217 Ill. App. 3d 516.) We allowed State Farm's petition for leave to appeal (134 Ill. 2d R. 315(a)), and we now reverse the judgments of the courts below.

The procedural facts of this case are not in dispute. The Yapejians submitted to State Farm a claim for personal injuries they allegedly sustained in a collision with a hit-and-run driver during the evening of March 17, 1989. According to the insureds, at the time of the accident they were traveling southbound on Illinois Route 53 in Du Page County when a northbound vehicle crossed the center line of the roadway and struck the left side of their car. The driver of the other vehicle then proceeded onward without stopping, and his identity remains unknown. Because the policy defined the term "uninsured

motorist" to include hit-and-run drivers, the insureds submitted the claim under the uninsured motorist coverage of their policy.

Following an investigation, State Farm concluded that the insureds had not been involved in a collision on the date alleged and accordingly denied the claim. The insureds then requested arbitration of the matter. State Farm filed the present action in response, seeking a judicial declaration that the Yapejians' claim did not fall within the uninsured motorist coverage of their policy.

The insureds moved to dismiss State Farm's action, arguing that section 143a(1) of the Insurance Code requires that all disputes relating to uninsured motorist coverage be determined through arbitration. Following a hearing, the trial judge granted the defendants' motion and dismissed the action. The trial judge later denied State Farm's request for reconsideration.

State Farm appealed, and the appellate court affirmed. (217 Ill. App. 3d 516.) The appellate court held that section 143a(1) unambiguously requires arbitration of all disputes relating to uninsured motorist coverage. The court thus declined to follow several other appellate court decisions that had reached the opposite conclusion. We granted State Farm's petition for leave to appeal (134 Ill. 2d R. 315(a)).

Section 143a(1) of the Illinois Insurance Code requires that insurers make available to automobile insurance policyholders uninsured motorist coverage. At the time of the accident alleged here, section 143a(1) also provided, in pertinent part:

"No such policy shall be renewed or delivered or issued for delivery in this State after July 1, 1978 unless it is provided therein that any dispute with respect to such coverage shall be submitted for arbitration to the American Arbitration Association or for determination in the following manner: Upon the insured requesting arbitra-

tion, each party to the dispute shall select an arbitrator and the two arbitrators so named shall select a third arbitrator. If such arbitrators are not selected within 45 days from such request, either party may request that such arbitration be submitted to the American Arbitration Association." (Ill. Rev. Stat. 1987, ch. 73, par. 755a(1).)

The arbitration requirement found in section 143a(1) was added to the statute by Public Act 80—1135 and has been in force since July 1, 1978. 1977 Ill. Laws 3386; Ill. Rev. Stat. 1979, ch. 73, par. 755a(1).

State Farm argues that the statutory language requires arbitration with respect to questions of damages and liability only. Citing the legislative history of the amendment, State Farm contends that the General Assembly had no intention of altering or expanding the arbitral duty already imposed by many policies, but rather sought only to expedite the arbitral process by requiring the use of a single arbitrator when the parties could not reach agreement on a panel of three. In addition, State Farm asserts that the statute, as interpreted by the courts below, unconstitutionally infringes on the authority of the judicial branch (Ill. Const. 1970, art. II, §1; art. VI, §1).

Prior to the enactment of the arbitration provision of section 143a(1), many insurance policies contained clauses requiring the arbitration of two specific issues involving uninsured motorist claims: the amount of the insured's damages, and the other driver's liability for the accident. (*Flood v. Country Mutual Insurance Co.* (1968), 41 Ill. 2d 91; *Liberty Mutual Fire Insurance Co. v. Loring* (1968), 91 Ill. App. 2d 372.) Effective July 1, 1978, the legislature added the arbitration provision at issue here to section 143a(1) of the Insurance Code. As we discuss in greater detail later in this opinion, the purpose of the measure was to expedite the arbitration process under those standard policy provisions.

Following the enactment of the arbitration provision, several appellate court cases discussed the scope of the new law. These decisions considered and rejected arguments similar to the ones made by the insureds in the present appeal, concluding instead that section 143a(1) did not expand the traditional scope of the arbitral duty imposed by industry practice. Thus, in *Country Mutual Insurance Co. v. Kosmos* (1983), 116 Ill. App. 3d 914, 916-17, the court found the arbitration provision to be ambiguous and stated, in *dictum*, that the legislative debates demonstrated that the provision was intended only to expedite the existing arbitral process.

Relying on *Kosmos*, the appellate court later held, in *Clark v. Country Mutual Insurance Co.* (1985), 131 Ill. App. 3d 633, 636-37, and in *Liberty Mutual Insurance Co. v. Morgan* (1985), 138 Ill. App. 3d 938, 945-46, that section 143a(1) did not require that questions of coverage be determined through arbitration. See also *Elliott v. Inter-Insurance Exchange of the Chicago Motor Club* (1988), 169 Ill. App. 3d 702 (question whether other motorist was insured "is relevant to the issue of coverage and must be determined by the trial court before arbitration can proceed").

In the present case, both the circuit court and the appellate court declined to follow this line of authority, agreeing with the insureds that the statute is unambiguous and that the plain language of the provision requires arbitration of all disputes relating to uninsured motorist coverage.

As a preliminary matter, we wish to comment briefly on the failure of the circuit court in this case to adhere to established appellate court precedent. A decision of the appellate court, though not binding on other appellate districts, is binding on the circuit courts throughout the State. (*People v. Harris* (1988), 123 Ill. 2d 113, 128; *Knapp v. Palos Community Hospital* (1988), 176 Ill.

App. 3d 1012, 1018; see generally Eaton, Quinlan, & Stern, *Resolving Conflicts in the Illinois Appellate Court*, 78 Ill. B.J. 182 (1990).) This was not an instance in which the circuit court was faced with conflicting decisions from the various appellate districts and, in the absence of controlling authority from its home district, would have been free to choose between the decisions of the other appellate districts. (See *People v. Thorpe* (1977), 52 Ill. App. 3d 576, 579; *Garcia v. Hynes & Howes Real Estate, Inc.* (1975), 29 Ill. App. 3d 479, 482.) Rather, the relevant case law had reached a uniform result, limiting the scope of the arbitration provision of section 143a(1) to questions involving the other motorist's liability and the amount of the insured's damages.

Although the statement in *Kosmos* interpreting the legislative history of the arbitration provision was *dictum*, the subsequent decisions in *Clark* and *Morgan* held that coverage questions would be determined judicially, notwithstanding the arbitration provision of section 143a(1). The binding effect of *Clark* and *Morgan* is not reduced by the reliance of those cases on the *Kosmos* *dictum*. If a trial judge entertains genuine doubt about the continued vitality of a reviewing court decision, he may, if he wishes to expedite resolution of the issue in a complex or protracted case, rule in accordance with existing law and then enter the finding required by Rule 304 for an immediate appeal of a final judgment disposing of fewer than all the claims or all the parties in the matter, or certify the particular question for purposes of a permissive interlocutory appeal, as provided by our Rule 308 (134 Ill. 2d Rules 304, 308). Because of our system of precedent, he may not, however, disregard binding authority.

We now turn to the merits of the present appeal. The issue before us is one of statutory construction, and thus our task is to ascertain and give effect to the legisla-

ture's intent. (*Croissant v. Joliet Park District* (1990), 141 Ill. 2d 449, 455.) That inquiry appropriately begins with the language of the statute. (*Metropolitan Life Insurance Co. v. Washburn* (1986), 112 Ill. 2d 486, 492.) In determining legislative intent, a court may consider the reason and necessity for the law, the evils to be remedied, and the objects to be attained. (*Stewart v. Industrial Comm'n* (1987), 115 Ill. 2d 337, 341; *Svithiod Singing Club v. McKibbin* (1942), 381 Ill. 194, 198.) In addition, a court construing the language of a statute will assume that the legislature did not intend to produce an absurd or unjust result. *People v. Steppan* (1985), 105 Ill. 2d 310, 316.

Regarding uninsured motorist coverage, section 143a requires the arbitration of "any dispute with respect to such coverage." Contrary to the views of the courts below, we find this language to be ambiguous and believe it is amenable to two distinct constructions: either it could have a broad meaning, requiring arbitration of all matters relating to uninsured motorist coverage, or it could have a narrow meaning, limiting arbitration to disputes concerning covered claims, once coverage was established. (See *Country Mutual Insurance Co. v. Kosmos* (1983), 116 Ill. App. 3d 914, 916-17.) Applying appropriate tools of statutory construction, we conclude, for the reasons set out below, that the legislature intended the second, narrower reading, and therefore that is the interpretation we adopt.

At the time the arbitration provision was added to section 143a(1), the purpose of the legislation, as explained by its principal sponsor, Senator Rock, was to expedite the processing of uninsured motorist claims. According to the Senator, insurance companies that wanted to postpone the payment of meritorious claims would attempt to delay the selection of a panel of arbitrators to handle the particular case. The aim of the pro-

vision was to ensure that matters could be submitted to one arbitrator alone if the parties were unable to agree on a panel in a timely fashion. See 80th Ill. Gen. Assem., Senate Proceedings, May 23, 1977, at 46-47 (statements of Senator Rock); 80th Ill. Gen. Assem., Senate Proceedings, June 29, 1977, at 79-81 (statements of Senator Rock); 80th Ill. Gen. Assem., Senate Proceedings, November 7, 1977, at 11-13 (statements of Senator Rock); see also 80th Ill. Gen. Assem., House Proceedings, June 20, 1977, at 40-41 (statements of Representative Epton); 80th Ill. Gen. Assem., House Proceedings, November 17, 1977, at 79-80 (statements of Representative Epton).

As the legislative history demonstrates, the purpose of the new provision was to expedite the arbitration process. During the legislative debates, no dissatisfaction was expressed concerning the existing scope of the arbitration duty. Indeed, we find in the legislative debates no indication that the legislators wished to expand the range of matters already being submitted to arbitration by widespread industry practice. As we have noted, at that time arbitration was routinely limited to two issues involving uninsured motorist claims falling within the scope of the coverage: the uninsured motorist's liability, and the amount of the insured's damages. *Flood v. Country Mutual Insurance Co.* (1968), 41 Ill. 2d 91; *Liberty Mutual Fire Insurance Co. v. Loring* (1968), 91 Ill. App. 2d 372.

As we have stated, in construing statutory language a court will assume that the legislature did not intend an absurd or unjust result. (*Harris v. Manor Healthcare Corp.* (1986), 111 Ill. 2d 350, 363; *People v. Steppan* (1985), 105 Ill. 2d 310, 316.) The far-reaching consequences of the insureds' interpretation are readily apparent. Adopting the insureds' interpretation of the statutory language would mean that every dispute relating to uninsured motorist coverage must be submitted to, and

resolved through, arbitration. As past decisions by this court demonstrate, the broad range of issues that could now be determined only through arbitration include the "stacking" of uninsured motorist coverage contained in separate policy provisions (*Menke v. Country Mutual Insurance Co.* (1980), 78 Ill. 2d 420), the reduction of uninsured motorist benefits by the amount of payments received by the policyholder from workers' compensation (*Stryker v. State Farm Mutual Automobile Insurance Co.* (1978), 74 Ill. 2d 507) or from other sources (*Hoglund v. State Farm Mutual Automobile Insurance Co.* (1992), 148 Ill. 2d 272), and coverage under an uninsured motorist provision for indirect contact with a hit-and-run driver's vehicle (*Hartford Accident & Indemnity Co. v. LeJeune* (1986), 114 Ill. 2d 54). Other issues that could no longer be resolved judicially would include whether the policy was in force with respect to a particular person (*Heritage Insurance Co. of America v. Phelan* (1974), 59 Ill. 2d 389), whether the vehicle striking the claimant was uninsured (*Comet Casualty Co. v. Jackson* (1984), 125 Ill. App. 3d 921), and whether the claimant was occupying the insured vehicle at the time of the accident (*Greer v. Kenilworth Insurance Co.* (1978), 60 Ill. App. 3d 22). As the preceding roster demonstrates, adopting the insureds' view of the statute would halt the further development of this substantial body of case law.

We do not believe it was the legislature's intent to remove these issues from the purview of the courts. To do so would threaten to eliminate much of the uniformity existing in this area of the law. Arbitrators' decisions in this field are not published, they do not serve as binding precedent on other arbitrators, and, except in limited circumstances, they are not subject to judicial review (see Ill. Rev. Stat. 1987, ch. 10, par. 112). Because of the far-reaching consequences of such a rule, we would expect an explicit statement of legislative intent before

concluding that the General Assembly sought to transfer from the courts responsibility for resolving the vast array of issues that can arise with respect to uninsured motorist coverage.

Finally, we note that the legislature, though it has amended section 143a on several different occasions over the years, has not expressed dissatisfaction with the interpretation given to the arbitration provision in *Country Mutual Insurance Co. v. Kosmos* (1983), 116 Ill. App. 3d 914, *Clark v. Country Mutual Insurance Co.* (1985), 131 Ill. App. 3d 633, and *Liberty Mutual Insurance Co. v. Morgan* (1985), 138 Ill. App. 3d 938. Section 143a(1) was amended effective January 1, 1990, but no change was made at that time to the arbitration provision. (See Ill. Rev. Stat. 1989, ch. 73, par. 755a.) Later, identical provisions in Public Acts 86—1155 and 86—1156, effective July 1, 1991, and August 10, 1990, respectively, amended the phrase "any dispute with respect to such coverage" to read "any dispute with respect to the coverage." (See Ill. Rev. Stat., 1990 Supp., ch. 73, par. 755a(1).) The legislative history of those enactments is silent on the purpose of the amendment; we do not construe the substitution of "the" for "such" as significant. (See B. Garner, A Dictionary of Modern Legal Usage 526-27 (1987) (*"such* is no more precise than *the, that,* or *those"* (emphasis in original)).) Had the legislature been dissatisfied with the judicial interpretation given this provision, "the error could have readily been corrected." *Ferega v. State Farm Mutual Automobile Insurance Co.* (1974), 58 Ill. 2d 109, 112.

In light of our resolution of this appeal, we need not address State Farm's alternative contention that the challenged provision, as construed by the courts below, unconstitutionally infringes on the authority of the judicial branch. For the reasons stated, the judgments of the appellate and circuit courts are reversed, and the cause

is remanded to the circuit court of Du Page County for further proceedings.

*Judgments reversed;*
*cause remanded.*

JUSTICE BILANDIC took no part in the consideration or decision of this case.