(No. 56239.—

WILLIAM E. KOEPPEL, County Clerk, *et al.*, Appellants, v. MARY IVES, Appellee.

*Opinion filed October 22, 1982.*

John A. Barra, State's Attorney, of Peoria (Roberta L. Szydlowski, Assistant State's Attorney, of counsel), for appellants.

Bartley, Fraser, Parkhurst, Hession & Renner, of Peoria, for appellee.

JUSTICE SIMON delivered the opinion of the court:

This is a direct appeal under our Rule 302(a) (73 Ill. 2d R. 302(a)) from a decision of the circuit court of Peoria County holding section 162a of the Revenue Act of 1939 (Ill. Rev. Stat. 1979, ch. 120, par. 643a) unconstitutional on the ground that it conflicted with article VII, section 11, of the 1970 Illinois Constitution (Ill. Const. 1970, art. VII, sec. 11). We reverse the decision of the circuit court.

Section 162a provides that "propositions to establish tax rate limits either higher or lower than those otherwise applicable shall not be submitted more often than once in any one year." This controversy arose when the county clerk for Peoria County received requests that tax-rate propositions be submitted to the voters at two separate elections scheduled to be held in the calendar year 1982.

On November 30, 1981, the Peoria county board adopted a resolution pursuant to section 162a calling for a referendum on a proposal to increase the maximum tax rate for the general corporate fund of Peoria County from .0900% of the equalized value to .1125%. The resolution which was filed the same day with the county clerk directed that officer to make arrangements to submit the question to the voters at the election to be held on November 2, 1982.

On December 28, 1981, respondent, Mary Ives, filed a petition pursuant to section 162a calling for an election

on a proposal to decrease the maximum tax rate for the general corporate fund of Peoria County from .0900% of the equalized value to .0675%. This petition requested that the county clerk arrange for presentation of the question to the voters at the regular election to be held on March 16, 1982.

On January 19, 1982, the county clerk petitioned the circuit court of Peoria County for a declaratory judgment as to whether the once-a-year limitation contained in section 162a permitted Ives' question to be presented to the voters at the March 16, 1982, election. If the court found that section 162a did permit Ives' question to be presented, the county clerk also asked the court to determine the status of the county board's request for a tax-rate election in November 1982. The county clerk was granted an emergency hearing on his petition.

Although neither party questioned the constitutionality of the statute in the pleadings or during the argument at the emergency hearing, the circuit court held that the limitation contained in section 162a on the number of tax-rate elections that may be held in any one year was unconstitutional because it prevented the effective use of voter-initiated referenda authorized by article VII, section 11, of the 1970 Illinois Constitution. The circuit court consequently ordered the clerk to submit the Ives' question to the voters at the March 16, 1982, election. On that date the tax-rate reduction received a majority of the votes cast.

This court has often observed that the courts must not lightly declare that a legislative enactment is unconstitutional. In *Hubbard v. Dunne* (1917), 276 Ill. 598, for example, this point was emphasized:

> " 'It is not for the courts to amend or change the law under the guise of construction.' (36 Cyc. 1103.) The presumption is always in favor of the validity of the law, and unless it is in plain and obvious conflict with the constitution this court will not pronounce against its constitution-

ality, and in doubtful cases the doubt will be resolved in favor of the legislative power." (276 Ill. 598, 610.)

The courts especially should avoid unnecessary interference with the system of taxation established by the legislature. See, *e.g., Berry v. Costello* (1976), 62 Ill. 2d 342, 345-46; *People ex rel. Kutner v. Cullerton* (1974), 58 Ill. 2d 266, 273.

In this case, the limitation on tax-rate elections contained in section 162a presents no conflict with article VII, section 11(a), of the Constitution of Illinois. Section 11(a) provides:

"Proposals for actions which are authorized by this Article *or by law* and which require approval by referendum may be initiated and submitted to the electors by resolution of the governing board of a unit of local government or by petition of electors *in the manner provided by law.*" (Emphasis added.) (Ill. Const. 1970, art. VII, sec. 11(a).)

This language demonstrates that the right of voter initiative created by section 11(a) is a limited one which is subject to reasonable regulation by the legislature. Section 162a, therefore, is a permissible limitation on tax-rate referenda. It reasonably limits the consideration of such propositions to one election in each year, thereby permitting local officials to engage in orderly fiscal planning.

Section 162a does not conflict with article VII, section 11(b), either. The language of section 11(b) refers only to "[r]eferenda required by this Article." (Ill. Const. 1970, art. VII, sec. 11(b).) Tax-rate referenda are permitted by section 162a and not required by article VII of our constitution. The provisions of section 11(b), therefore, have no bearing on the constitutionality of section 162a. *Cf. Hoogasian v. Regional Transportation Authority* (1974), 58 Ill. 2d 117, 136-37 (section 11(b) inapplicable where referendum required by RTA Act and not by article VII).

Although we hold that section 162a is constitutional, the precise application of that section in the context of this

case requires consideration. Because the case is already here, judicial economy as well as the exigencies which accompany this appeal, in view of the proximity of the November election, militate in favor of our resolving the issues which require clarification. Ives interprets the language of section 162a providing for limiting elections on tax rates to one a year to mean that the first tax-rate election held in a calendar year will supersede any tax-rate election already scheduled for later in that year. Thus, she argues that the tax-rate election requested by the county board and scheduled for November 1982 could not have been held after she petitioned the county clerk for a tax-rate election at the earlier March 1982 date.

We reject this interpretation of section 162a. It would most often, perhaps invariably, result in tax-rate elections being confined to the earliest regular election in a calendar year. We do not think that the legislature intended such a restrictive result. Rather, we believe that the legislature intended that the party who first properly initiates a request for a tax-rate election to be held in a calendar year has priority over any party who subsequently submits a request for a tax-rate election to be held on a different date in the same calendar year.

The legislature has expressly adopted a similar priority system in an analogous context. Section 28—1 of the Election Code (Ill. Rev. Stat. 1979, ch. 46, par. 28—1) provides that no more than three public questions may be submitted to referendum with respect to a political subdivision at the same election. If more than three propositions are timely initiated, "the first 3 validly initiated, by the filing of a petition or by the adoption of a resolution or ordinance of a political subdivision, as the case may be, shall be printed on the ballot and submitted at that election." (Ill. Rev. Stat. 1979, ch. 46, par. 28—1.) We believe that the legislature intended for a similar first-to-initiate priority to apply in the context of section 162a.

Moreover, in *People ex rel. Hathorne v. Morrow* (1899), 181 Ill. 315, this court recognized a similar priority system for annexation and incorporation proceedings. In *Morrow*, village incorporation proceedings had been initiated with the filing of a petition with a county judge, requesting him to submit the question whether the voters of the territory desired to organize the same as a village. The judge scheduled the election on the question but, on the day before the election was to be held, an adjoining municipality annexed the territory which was to have become the new village. Even though the annexation was undertaken pursuant to statutory authority it was held invalid. In its opinion the court observed that "[i]t cannot, we think, be presumed that the legislature intended to give citizens and legal voters of certain territory the power to organize a village, and at the same time authorize other parties, by a subsequent proceeding, to defeat that right; and it is clear that to hold otherwise would be to bring into conflict, resulting in confusion, the two opposing powers, or, speaking in a general sense, jurisdictions." (181 Ill. 315, 322.) Thus, this court decided that the first party to initiate an annexation or incorporation proceeding would have a priority over the territory against all parties initiating such proceedings at a later date. See also *In re Organization of Byron Park District* (1978), 67 Ill. App. 3d 61, 64.

A similar priority system in the context of section 162a best comports with the legislature's intention to provide for the orderly submission of tax-rate propositions to the voters. We therefore hold that under section 162a whenever a party properly initiates a request for the submission of a tax-rate proposition at a specified election during a calendar year, other tax-rate propositions may not thereafter be scheduled for any other election during that year. The submission of the tax-rate proposition to the voters of Peoria County in March 1982 conflicted with section 162a because the defendants initiated that proposition almost a

530

month after the Peoria county board had requested a tax-rate election for November 2, 1982. We, therefore, declare the results of the March 16, 1982, election relative to the maximum tax rate of the general corporate fund of the county of Peoria to be void and of no effect. We also declare that the county board's proposal for an increase in the maximum tax rate is appropriate for placement on the ballot for the November 1982 election.

For the foregoing reasons we reverse the decision of the circuit court of Peoria County and remand this case for further proceedings consistent with this opinion.

*Reversed and remanded.*