THE TOWANDA COMMUNITY FIRE PROTECTION DISTRICT, Plaintiff-Appellant, v. THE TOWN OF NORMAL, Defendant-Appellee.

Fourth District  No. 4—86—0592

Opinion filed April 2, 1987.—Rehearing denied April 30, 1987.

William S. Bach, of Bach & Laudeman, Ltd., of Bloomington, for appellant.

Steven D. Mahrt, Corporation Counsel, of Normal, for appellee.

JUSTICE LUND delivered the opinion of the court:

The Towanda Community Fire Protection District (District) filed a petition under section 20 of "An Act in relation to fire protection districts" (Ill. Rev. Stat. 1985, ch. 127½, par. 38.3), seeking to prevent the automatic disconnection of certain of its territory which had been annexed by the town of Normal (Normal). Following a hearing on the petition, the court entered an order denying the petition and finding that the disconnection would not impair the ability of the District to render fully adequate fire protection service and that the disconnection itself caused no noncontiguity in the District since prior disconnections had made the District noncontiguous. The District appeals. We reverse.

On November 11, 1985, Normal annexed certain parcels located in the Towanda Community Fire District. These parcels would have become automatically disconnected from the District unless a petition to prevent such automatic disconnection was filed within 60 days. (Ill. Rev. Stat. 1985, ch. 127½, par. 38.3.) The District filed such a petition on December 27, 1985, and a hearing was held on June 23, 1986.

The evidence shows that Normal annexed property on February 19, 1968, which was automatically disconnected from the District since the District took no steps to prevent it. This disconnection divided the District into two distinct sections, being the District property east of section No. 16 of Normal Congressional Township (part I) and that located in section Nos. 17, 18, 19, 20, 29, 30, 31, 32 of the township (part II). This disconnection made the District noncontiguous. The annexation now in question was made for the Diamond Star project and creates a corridor through part II. This results in a noncontiguity of part II of the District.

The sole question presented is whether a prior unobjected disconnection which creates a noncontiguity in a fire district prohibits the fire district from raising the objection of noncontiguity to future disconnections. The District argues that the clear statutory language directs that each new disconnection cannot create a noncontiguity in a district even if a prior noncontiguity had been created. Normal responds that the language is ambiguous, and the legislature's intent should control. Two interpretations are asserted by Normal to sup-

port its position. The first is the "waiver" interpretation stating that once a district becomes noncontiguous by not objecting, the district waives the objection of noncontiguity in future disconnections until it becomes noncontiguous again. The second is the "island" interpretation which allows disconnections in any noncontiguous islands created by prior disconnections without regard to contiguity but does allow the noncontiguity objection on the main section of a district.

The section in question is section 20 of "An Act in relation to fire protection districts," which reads:

"Any territory within a fire protection district that is *** annexed to a city *** that provides fire protection for property within such *** is, by operation of law, disconnected from the fire protection district as of the January first after such territory is annexed to the city ***. Such disconnection by operation of law does not occur if, within 60 days after such annexation ***, the fire protection district files with the appropriate court a petition alleging that *such disconnection will cause the territory remaining in the district to be noncontiguous* or that the loss of assessed valuation by reason of such disconnection will impair the ability of the district to render fully adequate fire protection service to the territory remaining with the district. When such a petition is filed, the court shall set it for hearing ***. At such hearing, the district has the burden of proving the truth of the allegations in its petition. ***" (Emphasis added.) Ill. Rev. Stat. 1985, ch. 127½, par. 38.3.

▮ It is a cardinal rule in Illinois that a statute should be construed so as to ascertain and give effect to the intention of the legislature. (*People v. Boykin* (1983), 94 Ill. 2d 138, 141, 445 N.E.2d 1174, 1175.) The legislature expressed three intents in adopting section 20. These are: (1) to eliminate the double taxation for fire protection services levied on property owners whose property, formerly within the fire protection district, was annexed by a municipality; (2) to favor disconnection by making it automatic, and requiring the fire protection district to initiate any action to prevent disconnection; and (3) to disfavor the creation of noncontiguous territories within a fire protection district. *In re Petition of North Maine Fire Protection District* (1977), 49 Ill. App. 3d 730, 735, 364 N.E.2d 896, 900-01; *In re Annexation to the Village of Downers Grove* (1981), 92 Ill. App. 3d 682, 684, 416 N.E.2d 292, 294-95.

▮ Our reading of the statute leads us to the decision that the

appropriate construction would be that each disconnection should be considered anew for the purposes of noncontiguity regardless of whether the district was previously made noncontiguous. The question of contiguity is to be based on facts existing at the time of the hearing. (*In re Petition of North Maine Fire Protection District* (1977), 49 Ill. App. 3d 730, 364 N.E.2d 896; *Winfield Fire Protection District v. City of Wheaton* (1975), 29 Ill. App. 3d 630, 332 N.E.2d 43.) At the time of the hearing, if the disconnection in question causes a noncontiguity in the district, regardless of any prior noncontiguity, the petition to prevent automatic disconnection should be granted. In the present case, the Diamond Star annexation creates a noncontiguity of part II of the District. Therefore, this automatic disconnection cannot occur.

Normal argues that the legislature's intent would be given better effect by either of its proposed interpretations, the first being the "waiver" interpretation. This would prohibit a fire protection district from raising the objection of noncontiguity once a noncontiguity has been created by a previous disconnection. Once the district becomes contiguous again, the proposed interpretation states, the objection of noncontiguity can be raised. The second proposed interpretation, being the "island" interpretation, would deprive the fire protection districts of the objection of noncontiguity with regard to any noncontiguous "islands" created by prior disconnections but would allow the objection for the main part of the district. Normal argues this would give effect to the legislative intent in that the noncontiguous islands would eventually be entirely disconnected and the fire district would once again be contiguous.

We are not persuaded by Normal's argument. Application of the "waiver" interpretation would allow Normal to continually take bits and pieces of the District without allowing the District the opportunity to use the statutory objection of noncontiguity. This interpretation would make the language authorizing the objection of noncontiguity meaningless. This we will not do. (*People v. Singleton* (1984), 103 Ill. 2d 339, 469 N.E.2d 200.) Further, this interpretation is clearly contrary to the legislature's desire for contiguous fire protection districts.

Likewise, the "island" interpretation is unpersuasive. While its application seems feasible in a case such as this, which has a clearly defined lesser and greater section, how would it be applied to fire districts with two or three equal sections? Also, this is not how the statute reads. It is not for the courts to amend or change the law under the guise of construction. *Koeppel v. Ives* (1982), 92 Ill. 2d

523, 526, 442 N.E.2d 176, 177.

Normal relies on *Winfield Fire Protection District v. City of Wheaton* (1975), 29 Ill. App. 3d 630, 332 N.E.2d 43, for support of its "island" theory. However, that case in fact supports the opposite. In *Winfield*, there were numerous annexations to which some were objected and some were not. The court noted:

> "An examination of the exhibits and the record shows that the only areas remaining in the WFPD which are noncontiguous were created solely because of the automatic disconnections resulting from City of Wheaton annexations to which no objections were filed. To the contrary, however, areas of noncontiguity are not created by disconnection of the annexed to which objections *were* properly filed." (Emphasis in original.) (29 Ill. App. 3d 630, 635-36, 332 N.E.2d 43, 48.)

Even though the Winfield Fire Protection District had been made noncontiguous by the unobjected annexations, it was still proper for the trial court to consider objections of noncontiguity. In the *Winfield* case, the objected annexations created no noncontiguity. The statutory right to object was not surrendered by the failure of the Winfield Fire Protection District to object to other disconnections.

For the above reasons, since there is no question but that disconnection of the Diamond Star annexation would create an additional noncontiguity in the Towanda Community Fire Protection District, we must reverse the order of the trial court denying the petition to prevent disconnection of the Towanda Community Fire Protection District.

Reversed.

SPITZ, P.J., and GREEN, J., concur.